# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**CHRIS DARRELL JOSEPH SAGE,**

    Defendant.

No. 1:13-cr-00100-MC

**OPINION & ORDER**

McSHANE, District Judge.

The matter comes before the Court on Defendant Chris Darrell Joseph Sage's Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. ECF No. 90. The Court has determined that no hearing is required and the motion is DENIED.

## BACKGROUND

In November 2013, Sage entered a guilty plea to charges of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) and Possession with Intent to Distribute 50 or More Grams Actual Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). In May 2014, Judge Owen M. Panner sentenced Sage to 240 months, which included a fifteen year mandatory minimum sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1] Sage was also found to be a Career Offender under the sentencing guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2. Sage had the following relevant prior state court convictions:

---

[1] The case was reassigned to this Court several years after sentencing.

Page 1 – OPINION & ORDER

1) Two counts of Assaulting a Public Safety Officer (APSO) in violation of ORS 163.208, Class C felonies. Judgment was entered on November 17, 2008. Gov't Sentencing Mem. Ex. 2, at 9. ECF No. 44.
2) Manufacture of Methamphetamine in violation of ORS 475.886, a Class B felony. Judgment was entered on November 17, 2008. Gov't Sentencing Mem Ex. 3, at 10.
3) Possession of a Precursor Substance with Intent to Manufacture a Controlled Substance in violation of ORS 475.967, a Class B felony. Judgment was entered on February 6, 2003. Gov't Sentencing Mem. Ex. 4, at 6.
4) Manufacture of Methamphetamine in violation of ORS 475.992, a Class B felony.[2] Judgment was entered on February 6, 2003. Gov't Sentencing Mem. Ex. 5, at 7.

Sage filed a direct appeal of his sentence, which was dismissed by the Ninth Circuit. *United States v. Sage*, 609 F. App'x 410 (9th Cir. 2015). The Supreme Court denied Sage's petition for certiorari. *Sage v. United States*, 136 S.Ct. 347 (2015).

Sage filed his original § 2255 motion *pro se*, ECG No. 76, but Sage has since filed an amended § 2255 motion with the assistance of appointed counsel.[3] ECF No. 90.

## LEGAL STANDARDS

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

---

[2] ORS 475.992 has been renumbered as ORS 475.752.
[3] Sage raised a number of issues in his original § 2255 motion that were subsequently abandoned in the amended motion. The Court confines itself to the arguments presented in the amended motion.

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). The limitations period runs one year from the latest of four dates: (1) when the judgment of conviction became final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

If a court denies a habeas petition, the court may issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(1). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (internal quotation marks and citation omitted).

## DISCUSSION

Sage contends that his convictions for Assaulting a Public Safety Officer are not "violent felonies" for the purposes of the ACCA or "crimes of violence" for the purposes of the Career Offender sentencing guidelines. Sage asserts that his counsel was ineffective for failing to recognize or argue that convictions for APSO were not predicate convictions under the ACCA or the guidelines.

### I. ACCA

Federal law generally prohibits felons from possessing firearm. 18 U.S.C. § 922(g). Under ordinary circumstances, ten years is the maximum term of imprisonment for a violation of § 922(g). However, if a felon with three previous convictions for a "violent felony or a serious drug offense" violates § 922(g), the ACCA mandates a sentence of at least 15 years. 18 U.S.C. § 924(e)(1).

In this case, Sage argues his convictions for APSO are not "violent felonies" within the meaning of the ACCA. Sage contends that if those convictions were discounted, he would no longer have three predicate convictions. Although Sage devotes considerable time to arguing

against the inclusion of APSO as violent felony, that issue is ultimately irrelevant because Sage had at least three predicate convictions for serious drug offenses.

On that issue, Sage asserts that his conviction for Possession of a Precursor Substance with Intent to Manufacture a Controlled Substance is not a "serious drug offense," but provides no argument or other support for that contention.[4]

The ACCA provides that a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Sage was convicted of violating ORS 475.967(1), which prohibits possessing "one or more precursor substances with the intent to manufacture a controlled substance." By its plain terms, a violation of ORS 475.967 is categorically an offense involving manufacturing or "possessing with intent to manufacture" a controlled substance under 18 U.S.C. § 924(e)(2)(A)(ii). *See Descamps v. United States*, ___U.S.___, 133 S.Ct. 2276, 2283 (2013) (under the "formal categorical approach," sentencing courts look only to the "statutory definitions—*i.e.*, the elements—of a defendant's prior offenses and *not* to the particular facts underlying those convictions."); *see also United States v. Perry*, 394 F. App'x 356, 357 (9th Cir. 2010) (applying the formal categorical approach to determine if a prior conviction constituted a serious drug offense within the meaning of the ACCA).

Possession of a Precursor Substance with Intent to Manufacture a Controlled Substance is a Class B felony. ORS 475.967(2). ORS 161.605(2) provides that a Class B felony carries a maximum prison sentence of ten years. Although Oregon's state sentencing guidelines would

---

[4] Sage does not dispute that his convictions for Manufacture of Methamphetamine are serious drug offenses within the meaning of the ACCA.

not permit a defendant to be sentenced to ten years for a violation of ORS 475.967, the Ninth Circuit has held that courts must look to the maximum sentence under the statute and not the state sentencing guidelines when determining whether a conviction qualifies as a serious drug offense for purposes of the ACCA. *United States v. Parry*, 479 F.3d 722, 724-25 (9th Cir. 2007). Specifically, the Ninth Circuit held that a Class B felony conviction in Oregon meets the duration requirement for a serious drug offense under the ACCA. *Id.*

The Court therefore concludes that Possession of a Precursor Substance with Intent to Manufacture a Controlled Substance is a serious drug offense within the meaning of the ACCA. As Sage has at least three prior convictions for serious drug offenses, his sentence was appropriate under the Armed Career Criminal Act and the Court need not inquire as to whether Sage's convictions for APSO qualify as violent felonies.

**II.     Sentencing Guidelines**

As previously noted, the ACCA required that courts impose a sentence of not less than fifteen years on defendants who have three previous convictions for a violent felony or a serious drug offense or both. 18 U.S.C. § 924(e)(1). The ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The final clause, highlighted above, was known as the "residual clause."

In June 2015, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, ___U.S.___, 135 S.Ct. 2551, 2555-57 (2015). In April 2016, the

Supreme Court held that *Johnson* had announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___U.S.___, 136 S.Ct. 1257, 1264-65 (2016).

Like the ACCA, the United States Sentencing Guidelines factor in a higher sentence for defendants with prior convictions for crimes of violence. The definition of "crime of violence" under U.S.S.G. §§ 4B1.1 and 4B1.2 closely tracked the definition of a "violent felony" under the ACCA:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2009).[5]

In this case, Sage argues that the Career Offender guidelines residual clause is, like the identical residual clause in the ACCA, void for vagueness under *Johnson*. Sage asserts that his convictions for APSO could only be considered "crimes of violence" under the guidelines residual clause and that they no longer serve as predicate convictions.

Sage's argument cannot be sustained. Even assuming for the purposes of this motion that APSO qualifies as a "crime of violence" only under residual clause of the Career Offender guidelines, the Supreme Court has held that the sentencing guidelines are not susceptible to vagueness challenges under the Due Process Clause. *Beckles v. United States*, ___U.S.___, 137 S.Ct. 886, 890 (2017). In *Beckles*, the Supreme Court distinguished the sentencing guidelines from the ACCA:

---

[5] The quoted version of U.S.S.G. § 4B1.2 was in effect at the time of Sage's sentencing. The guidelines were amended in 2016 and the current version eliminated the residual clause and includes a longer list of enumerated offenses.

> Unlike the ACCA . . ., the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892.

Furthermore, the guidelines provide that a defendant is a Career Offender if the instant offense is a felony crime of violence or controlled substance offense and he has "at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." U.S.S.G. § 4B1.1(a) (2011) (emphasis added). Even if the Court were to eliminate Sage's convictions for APSO, Sage would still qualify as a Career Offender based on his convictions for controlled substance offenses.

Accordingly, the sentencing court did not err in finding that Sage was a Career Offender under the guidelines.

## III. Ineffective Assistance of Counsel

Courts use a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 562 U.S. 115, 121 (2011). Under this test, a defendant must prove that counsel's assistance was deficient and that the deficient performance prejudiced the defense. *Id.*; *see also Schurz v. Ryan*, 730 F.3d 812, 815 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 141 (2014).

To prove the deficiency of counsel's performance, the defendant must show counsel made errors so serious that his "'representation fell below an objective standard of reasonableness'" under prevailing professional norms. *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The court must inquire

"whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688.

In assessing whether counsel's performance was deficient, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and make every effort 'to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689). Ultimately, the defendant's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

"To satisfy the prejudice prong under *Strickland*, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant[.]" *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

In this case, Sage argues that his prior counsel was ineffective for failing to challenge the inclusion of Sage's convictions for APSO as part of Sage's designation as an Armed Career Criminal and a Career Offender. As discussed above, the inclusion of APSO had no effect on the application of the ACCA mandatory minimum because Sage had three predicate convictions

for serious drug offenses. Similarly, Sage was not prejudiced by his attorney's decision not to argue against including Sage's APSO convictions for purposes of finding him to be a Career Offender under the sentencing guidelines because the guidelines residual clause was not unconstitutionally vague.

As Sage was not prejudiced by the challenged decisions of his attorney, the Court need not reach the question of deficient performance in order to conclude that counsel was not ineffective.

## CONCLUSION

For the reasons set forth above, Defendant Chris Darrell Joseph Sage's Amended Motion to Vacate or Correct Sentence, ECF No. 90, is DENIED. Any other pending motions are DENIED. The Court declines to issue a certificate of appealability on the basis that the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(3).

It is so ORDERED and DATED this 11th day of October, 2017.

        s/ Michael J. McShane
        MICHAEL McSHANE
        United States District Judge